UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UPSTART GROUP LLC,

                Plaintiff,

   v.

THE UPSTART GROUP INCORPORATED,

                Defendant.

CASE NO. 2:19-cv-01290-RAJ-BAT

**REPORT AND RECOMMENDATION**

Defendant The Upstart Group Incorporated ("TUGI")[1] requests that the Court dismiss this action or transfer it to the United States District Court for the Northern District of Illinois pursuant to the first-to-file doctrine. Dkt. 26. Alternatively, TUGI requests that the Court stay this action pending resolution of jurisdictional issues presently pending in the Northern District of Illinois *The Upstart Group, Incorporated v. Upstart Group, LLC*, Case No. 1:19-cv-05405 (the "Illinois Action"). Plaintiff Upstart Group LLC ("UGL") argues that dismissal or transfer of this action is improper as the Illinois Action is a disfavored anticipatory action, there is jurisdictional uncertainty, and the parties agreed to stay all initial disclosures, general discovery, and other pretrial proceedings in the Illinois Action. Dkt. 28.

---

[1] Both parties identify themselves as "Upstart." For this reason, the Court refers to each by their initials.

REPORT AND RECOMMENDATION - 1

The Court concludes that it is appropriate to stay this action and allow the Illinois Action to proceed as it is the duty of the Illinois Court to determine if it has personal jurisdiction over UGL and whether the Illinois Action is a disfavored anticipatory suit.

## FACTUAL BACKGROUND

A. The Parties and Allegations of Complaint

UGL is a Washington limited liability company with offices in Seattle, Washington. Dkt. 1, ¶ 2.[2]  UGL alleges that at least October 1, 2011, UGL has used the UPSTART, UPSTART GROUP, and THE UPSTART GROUP and design trademarks (collectively the "Marks") to provide advertising, public relations, and marketing services. *Id.* ¶¶ 2, 8-10. UGL is the owner of United States Service Mark Registration No. 4,976,747 issued by the United States Patent and Trademark Office for the UPSTART GROUP and design mark. *Id.* ¶ 12.

TUGI is an Illinois corporation with an office in Seattle, Washington. *Id.*, ¶ 3. UGL alleges that TUGI is using the identical and virtually identical UPSTART, UPSTART GROUP, and THE UPSTART GROUP marks in connection with the provision, advertising, promotion, offering for sale and sale of advertising, marketing, and sales promotion services, resulting in multiple instances of customer confusion. Id. ¶¶ 3, 19-26, 37, Exs. 5-10.

B. Chronology of Actions

On July 16, 2018, UGL's counsel sent a cease and desist letter to TUGI objecting to TUGI's use of the Marks and demanding that TUGI, among other things, immediately rebrand to a mark that does not incorporate "UPSTART." Dkt. 1, ¶ 30. Over the next twelve months, the

---

[2] Since the filing of Defendant's motion to dismiss, UGL filed an amended complaint to include an allegation that Defendant's recent use of a new mark "UpstartWorks" is identical to or confusingly similar, to Upstart Group's marks. Dkt. 35. The filing of this amended complaint does not impact the Court's decision here, *i.e.*, whether the first-to-file rule requires a dismissal, transfer, or stay of this action.

REPORT AND RECOMMENDATION - 2

1  parties' attorneys discussed rebranding of TUGI's name and logo and possible resolution of the
2  parties' conflict. Dkt. 27, Declaration of Robert H. Smeltzer; Dkt. 29, Declaration of Steven E.
3  Klein.
4        On August 9, 2019, TUGI filed a complaint for declaratory judgment in the Illinois
5  Action. Dkt. 11, Ex. A. TUGI states that it received numerous emails and letters asserting that
6  TUGI is infringing on its Marks, consumers are in fact confused by TUGI's use, and
7  "continually threatened litigation against TUGI," with UGL's "last threat" being "that TUGI
8  must comply with its demands by August 5, 2019." *Id.* at 4. The Illinois Action seeks a
9  declaration that TUGI, by use of its name, use of its website, and use of the words "Upstart" and
10 "Upstart Group," is not infringing upon, causing a likelihood of confusion with or engaging in
11 unfair competition with UGL's federally registered "UPSTART GROUP" design mark.
12       On August 16, 2019, UGL filed this action for trademark infringement, trade name
13 infringement, and unfair competition under Sections 32(1) and 43(a) of the Lanham Act, 15
14 U.S.C. §§ 1114(1) and 1125(a), the common law of Washington, and the Washington Consumer
15 Protection Act, RCW 19.86.101 et seq., arising out of TUGI's use of marks, UPSTART and
16 THE UPSTART GROUP, that infringe [UGL's] trademarks UPSTART and UPSTART
17 GROUP. Dkt. 1.
18 C.     Proceedings in the Illinois Action
19       On October 4, 2019, UGL moved to dismiss the Illinois Action for lack of personal
20 jurisdiction or, in the alternative, to dismiss or transfer the Illinois Action to the Western District
21 of Washington on grounds that it was an improper, preemptive declaratory judgment action. Dkt.
22 29, Klein Decl. ¶ 20.
23

1    On November 5, 2019, the parties proposed to the Illinois Court that mandatory initial

2 disclosures and all general discovery be held in abeyance until and unless UGL's motion to

3 dismiss is denied. Dkt. 29, Klein Decl. ¶¶ 22-24 & Ex. 16 (Joint Initial Status Report). The

4 parties disagreed on whether TUGI was entitled to limited jurisdictional discovery prior to

5 responding to UGL's motion to dismiss and TUGI represented that it would file a formal,

6 contested motion requesting limited jurisdictional discovery. *Id.*

7    During a November 12, 2019 status hearing, the Illinois Court acknowledged and agreed

8 to the parties' proposal to hold mandatory initial disclosures and all general discovery in

9 abeyance pending a determination on UGL's motion to dismiss. Dkt. 29, Klein Decl., ¶¶ 25-26.

10 The parties and the court also discussed TUGI's motion for limited jurisdictional discovery in the

11 Illinois Action, filed on November 11, 2019. *Id.* ¶ 27. TUGI's counsel represented that TUGI

12 was relying not on the existence of general personal jurisdiction over UGL, but on specific

13 personal jurisdiction. *Id*. ¶ 28. The Illinois Court set the next status hearing for December 12,

14 2019. *Id*. ¶ 29.

15    On November 20, 2019, UGL filed its brief in opposition to TUGI's motion for limited

16 jurisdictional discovery. Dkt. 29, Klein Decl. ¶ 30 & Ex. 18. On December 5, 2019, the Illinois

17 Court reset the December 12, 2019 status hearing to December 19, 2019. Dkt. 29, Klein Decl. ¶

18 31.

19    To date, the motions to dismiss and for limited jurisdictional discovery remain pending in

20 the Illinois Action.

21 D.    Proceedings in this Action

22    Following three extensions of time agreed upon by the parties (so that they could

23 continue to discuss settlement and for TUGI to retain local counsel) (*see* Dkts. 13, 15, and 17),

REPORT AND RECOMMENDATION - 4

TUGI filed the instant motion to dismiss. Dkt. 26. On December 30, 2019, UGI filed the Amended Complaint (Dkt. 35) and the parties submitted their Joint Status Report. Dkt. 36.

No discovery or other pre-trial deadlines have been established in this action.

## DISCUSSION

The first-to-file rule was developed to "serve[ ] the purpose of promoting efficiency well and should not be disregarded lightly." *Church of Scientology v. United States Dep't of the Army*, 611 F.2d 738, 750 (9th Cir.1979); *see also EEOC v. University of Pennsylvania*, 850 F.2d 969, 971 (3d Cir.), *cert. granted in part*, 488 U.S. 992, 109 S.Ct. 554, 102 L.Ed.2d 581 (1988), *order amended*, 490 U.S. 1015, 109 S.Ct. 1660, 104 L.Ed.2d 173 (1989), *aff'd on other grounds*, 493 U.S. 182, 110 S.Ct. 577, 107 L.Ed.2d 571 (1990). It may be invoked "when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir.1982).

The first-to-file rule implicitly relies on the fact that both actions were filed in courts that could exercise jurisdiction over the parties. *See Pacesetter Sys*, 678 F.2d at 95 ("[W]hen two identical actions are filed in courts of concurrent jurisdiction, the court which first acquired jurisdiction should try the lawsuit and no purpose would be served by proceeding with a second action.") "The court in which the first filed case was brought decides the question of whether or not the first filed rule ... applies." *Longview Fibre Paper & Packaging, Inc. v. Travelers Indem. Co.*, No. C06–5666FDB, 2007 WL 601226, at *1 (W.D.Wash. Feb.22, 2007) (citation omitted).

When implementing the first-to-file rule, "federal courts commonly stay the second filed action to afford the court of the first filed action an opportunity to decide whether to keep the dispute[; therefore] [i]f the 'first filed' court does not keep the dispute, the stay in the second filed action can be subsequently lifted." *Longview Fibre*, 2007 WL 601226, at *1 (citing

*Alltrade*, 946 F.2d 622); *see also Tanksley v. Nw. Airlines & Air Line Pilots Assoc.*, No. C07–1227RSL, 2008 WL 691685, at *1 (W.D.Wash. Mar.12, 2008) (quoting *SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F.Supp.2d 1081, 1089 (S.D.Cal.2002)).

Here, neither party disputes that TUGI filed its action in Illinois prior to UGL filing its action here and that the actions involve the same parties and the same trademark (although one is an action for declaratory judgment while the other, an action for damages for infringement). However, UGL contends that the first-to-file rule should not be applied as TUGI's action was an improper anticipatory declaratory judgment action and further, that the Illinois Court does not have personal jurisdiction over UGL. UGL has moved to dismiss the Illinois Action on these same grounds and that motion is pending.

The undersigned concludes that it is not an efficient use of judicial and party resources to move forward in this action while waiting forthcoming and potentially dispositive decisions in the Illinois Action, particularly as it falls to the Illinois Court (as the Court where the first action was filed) to determine the "first to file" issue. Therefore, it is recommended that this matter be stayed while the Northern District of Illinois resolves the pending motions. *Barapind v. Reno*, 225 F.3d 1100, 1109 (9th Cir. 2000) (internal quotations and citations omitted) (a stay will "avoid duplicative litigation and [] promote judicial efficiency.")

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **January 23, 2020.** The Clerk should note the matter for **January 27, 2020**, as ready for the District Judge's

REPORT AND RECOMMENDATION - 6

consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed seven (7) pages. The failure to timely object may affect the right to appeal.

DATED this 2nd day of January, 2020.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 7