The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UPSTART GROUP LCC,<br><br>          Plaintiff,<br>     v.<br><br>THE UPSTART GROUP INCORPORATED,<br><br>          Defendant. | Civil Action No. 2:19-cv-01290-RAJ-BAT<br><br>**ORDER** |

This matter is before the Court on Plaintiff's objections to the Report and Recommendation ("Report") of the Honorable Brian A. Tsuchida. Having reviewed Defendant's Motion to Dismiss, the Report and Recommendation (Dkt. # 37), Plaintiff's objections (Dkt. # 38), and the remainder of the record, the Court concurs fully in Judge Tsuchida's recommendation.

## I.  BACKGROUND

On August 16, 2019, Plaintiff Upstart Group, LLC ("Plaintiff") filed this action against Defendant The Upstart Group Incorporated ("Defendant") asserting trademark violations arising from Defendant's use of the marks "UPSTART" and "THE UPSTART

ORDER - 1

GROUP." Dkt. # 1. In response, Defendant moved to dismiss or stay this action in deference to an earlier-filed action in the Northern District of Illinois. Dkt. # 26; *See The Upstart Group, Incorporated v. Upstart Group, LLC*, Case No. 1:19-cv-05405 (the "Illinois Action"). On January 2, 2020, Judge Tsuchida recommended denying Defendant's motion to dismiss and granting the motion to stay. Dkt. # 37. Plaintiff objects to the Report claiming it failed to consider the "discretionary nature" of the first-to-file rule by not "weighing the equitable factors" such as evidence that the Illinois court lacks jurisdiction over Plaintiff and that the Illinois action is anticipatory. Dkt. # 38.

## II.  DISCUSSION

The first-to-file rule is a "generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." In applying the first-to-file rule, courts consider three factors: (1) the chronology of the two actions, (2) the similarity of the parties, and (3) the similarity of the issues. *Alltrade, Inc. v. Uniwield Prods., Inc*., 946 F.2d 622, 625-26 (9th Cir. 1991). If the rule applies, the court in the second-filed action may transfer, dismiss, or stay the proceeding to allow the court in the first suit the opportunity to determine whether to keep the dispute. *Alltrade,* 946 F.2d at 622. The first-to-file rule is discretionary and need not be "mechanically applied." *Pacesetter Sys., Inc. v. Medtronic, Inc*., 678 F.2d 93, 95 (9th Cir. 1982).

Here, the parties do not dispute that the Illinois action is the "first-filed action." There are, however, exceptions to the rule, including where the first-filed suit constitutes an improper anticipatory filing. *Alltrade*, at 628. "An action is anticipatory when the plaintiff files it after receiving 'specific, concrete indications that a suit by the defendant is imminent.'" *Topics Entm't Inc. v. Rosetta Stone Ltd.*, No. C09-1408RSL, 2010 WL 55900, at *3 (W.D. Wash. Jan. 4, 2010) (internal citations omitted). Plaintiff argues that the Illinois action is anticipatory and, when considered in conjunction with the underlying

ORDER - 2

jurisdictional issues, weighs in favor of denying the stay.  Dkt. # 38 at 4-7 (discussing *Jefferson Ward Stores, Inc. v. Doody Co.*, 560 F. Supp. 35 (E.D. Pa. 1983), *FirsTier Bank, N.A. v. G-2 Farms*, No. 4:CV95-3118, 1996 WL 539217 (D. Neb. Mar. 11, 1996), and *NanoLogix, Inc. v. Novak*, No. 4:13-CV-1000, 2013 WL 6443376 (N.D. Ohio Dec. 9, 2013)).

The Court disagrees.  There are currently two motions, implicating similar issues, pending before two different courts.  Plaintiff's motion to dismiss the Illinois action was filed first and is currently pending before that court.  Dkt. # 27-1, Ex. 1.  Under the circumstances, the Illinois court is best positioned to determine if it has personal jurisdiction over Plaintiff and, if it does, whether that first-filed declaratory action should be dismissed in favor of this action.  *British Telecommunications plc v. McDonnell Douglas Corp.*, No. C-93-0677 MHP, 1993 WL 149860, at *4 (N.D. Cal. May 3, 1993). And while Plaintiff suggests that the Court need not "determine issues of personal jurisdiction or anticipatory suit" to deny the motion (Dkt. # 38 at 5), the Court does not believe it is an efficient use of judicial or party resources to permit this action to go forward while these issues remain unresolved.  Therefore, the Court will exercise its discretion and stay this case pending the Illinois district court's decision on Plaintiff's motion to dismiss or transfer and Defendant's motion for limited discovery.

### III.   CONCLUSION

For the above reasons the Court **ADOPTS** the Report and Recommendation (Dkt. # 37) and **DENIES** Plaintiff's Objections (Dkt. # 38).  Defendant's motion to dismiss or transfer is **DENIED** and Defendant's alternative motion to stay this action is **GRANTED**.  Dkt. # 26.  This action is **STAYED** until the United States District Court for the Northern District of Illinois determines Plaintiff's motion to dismiss or transfer (for lack of jurisdiction and disfavored anticipatory suit) and Defendant's motion for limited jurisdictional discovery, which are presently pending in the Illinois Action.

ORDER - 3

Should the Illinois District Court determine that jurisdiction over Plaintiff is proper and that the Illinois Action was not anticipatory, the Court will entertain a motion to revisit whether dismissal or transfer of this action is warranted under the first-to-file rule.  The Clerk is directed to send copies of this Order to the parties and Judge Tsuchida.

DATED this 22nd day of April, 2020.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER - 4